873 So.2d 567 (2004)
CONTINENTAL AVIATION SERVICES, INC., and James P. Lennane, Appellants,
v.
CITY OF NAPLES AIRPORT AUTHORITY, Appellee.
No. 2D02-5696.
District Court of Appeal of Florida, Second District.
May 26, 2004.
Robert E. Doyle, Jr., James T. Demarest, and David N. Arizmendi of Quarles & Brady LLP, Naples, for Appellants.
F. Joseph McMackin, III, and Peter J. Iacono of Bond, Schoeneck & King, P.A., Naples; Daniel S. Reimer of Kaplan Kirsch & Rockwell LLP, Denver, Colorado; Perry M. Rosen of Akin Gump Strauss Hauer & Feld LLP, Washington, DC; and Louis X. Amato of Louis X. Amato, P.A., Naples, for Appellee.
PER CURIAM.
Continental Aviation Services, Inc. (Continental), and James P. Lennane appeal a final summary judgment in favor of the City of Naples Airport Authority (NAA). With some reluctance, we conclude that Continental and Mr. Lennane were not entitled to the relief that they requested from the circuit court in this case. Accordingly, we affirm.
Continental runs a charter jet service from hangar facilities that it leases from the NAA. The lease, which Continental assumed from Provincetown-Boston Airline in 1993, is a long-term lease that does not expire until 2013. Along with Mr. Lennane, Continental also possesses a non-public aircraft fuel dispensing permit from the NAA. Continental's primary charter jet is a Gulfstream class aircraft, which is classified as a Stage 2 aircraft weighing less than 75,000 pounds for federal aviation noise standards under the Aviation Noise and Capacity Act of 1990. See 49 U.S.C. §§ 47524-47533 (2002).[1]
*568 On November 16, 2000, in an effort to implement the Aviation Noise and Capacity Act, the NAA passed and adopted Resolution No.2000-8, imposing a twenty-four-hour ban on operations by all Stage 2 aircraft weighing less than 75,000 pounds, effective January 1, 2001. Resolution 2001-4, however, deferred enforcement of the ban until July 21, 2001. After the effective date, Continental applied for and received several waivers, enabling it to continue to operate its Stage 2 aircraft. On May 23, 2002, however, the NAA denied Continental's request for an additional waiver.
Continental and Mr. Lennane filed this lawsuit in July 2002, seeking a permanent injunction prohibiting the NAA from enforcing the resolution that it had passed pursuant to federal law. They sought the injunction primarily on the theory that the resolution was an invalid zoning ordinance under state law. Their verified complaint also sought a declaration of rights under the hangar lease and fuel permit to establish that these contracts prevented enforcement of the resolution against them. The trial court entered summary judgment, declining to treat the resolution as a zoning ordinance and concluding that the resolution could not be overcome by the terms of the lease or fuel permit. We agree with the trial court.
Continental claimed that it could not realistically upgrade its Gulfstream aircraft to comply with the quieter Stage 3 standards. Thus, because Continental operates primarily Stage 2 aircraft, this new regulation will have a drastic impact on Continental's business. Continental argued that it is being singled out by this resolution and that the resolution is unreasonable. It further claimed that no comparable regulation is in effect at other airports in the United States and that its ability to engage in interstate commerce is limited by this single, local regulation, which happens to regulate air traffic at its home base.
The NAA resolution has been contested in forums other than this trial court, withstanding constitutional challenges in National Business Aviation Association, Inc. v. City of Naples Airport Authority, 162 F.Supp.2d 1343 (M.D.Fla.2001). While this case was pending on appeal, however, the FAA reached an administrative decision that this Stage 2 ban is unreasonable and contrary to the NAA's obligations under 49 U.S.C. § 47107(a)(1). See In re Compliance with Federal Obligations by the Naples Airport Authority, Naples, Florida, FAA Order No.2003-1 (Part 16, subpart G) FAA Docket No. 16-01-15, DMS No. FAA-2000-15654, Aug. 25, 2003, 2003 WL 22257716. The FAA ruling apparently imposes sanctions on the NAA by preventing it from receiving certain federal grants.[2] This court is uncertain as to the effect the FAA decision may have upon Continental's operations at the Naples Airport.
The fact that the FAA has found this regulation unreasonable may tempt this court to fashion a remedy for Continental, but it does not transform the NAA's resolution into a matter regulated by state zoning law. Additionally, the FAA opinion does not make the resolution a regulation that can be overridden by the parties' lease. The opinion from the FAA may affect operations at the airport, but it would not support injunctive or declaratory relief *569 on the theories presented to the trial court. In this case, we simply conclude that the summary judgment denying injunctive relief on the theories presented to the trial court was correct.[3]
Affirmed.
ALTENBERND, C.J., and SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] For a more extensive discussion of the regulation of noise abatement at airports, a reader might benefit from a review of Peter D. Irvine, The Future of Stage 2 Airport Noise Restrictions: A Matter of Substantive versus Procedural Review by the Federal Aviation Administration, 11 Geo. Mason L.Rev. 179 (2002).
[2] For a more extensive discussion of these proceedings, see Peter J. Kirsh and Daniel S. Reimer, The Airport Noise Act: Safe Harbor or Procedural Hurdle?, 16-SPG Air & Space Law 14 (2002), an article written by lawyers representing the NAA in this case.
[3] Continental and Mr. Lennane have limited their litigation to efforts to interpret and enforce their contractual rights. This opinion should not be construed as precluding Continental and Mr. Lennane from seeking other relief in the trial court.